# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| BRADLEY E. ENYART, Register No. 90747, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-4142-CV-C-SOW |
| | ) | |
| CHANTE WRIGHT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Bradley E. Enyart, a pretrial detainee confined in the Boone County Correctional Facility, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1] Named as defendants are Boone County Correctional Facility personnel Chante Wright, Monica Stone, Jeff Vanceane, Shawn Sexton, Dwayne Carey and Warren Brewer.

Plaintiff claims he was injured on July 11, 2009, while the named defendants were on duty. He claims he was beaten by one or more inmates and suffered two bone fractures of his eye socket. Plaintiff claims his injury could have been prevented if surveillance monitors had been properly observed and quick action taken.

On August 11, 2009, plaintiff was granted provisional leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a), on the basis of indigence, subject to modification, pursuant to the screening process required by 28 U.S.C. §§ 1915 and 1915A. Sections 1915 and 1915A require the court to screen prisoner cases and dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2); 28 U.S.C. § 1915(e)(2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has on three or more prior occasions brought an action or appeal

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

that was dismissed on the grounds that it is frivolous, malicious or fails to state a claim on which relief may be granted, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff does not allege defendants knew of an upcoming problem. It is well settled that prison officials have a duty to protect inmates in their custody from attacks by other inmates. "Subjecting prisoners to violent attacks . . . shocks modern sensibilities and serves no legitimate penological purpose." Martin v. White, 742 F.2d 469, 474 (8th Cir. 1984). Prison officials may be held liable for violating an inmate's constitutional right if the deprivation is "objectively, 'sufficiently serious'" and if the officials acted with "'deliberate indifference' to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted). The appropriate test for deliberate indifference is "subjective recklessness" as that term is used in criminal law. Id. at 839-40. Thus, a prison official may be held liable for failing to protect a prisoner only if the official subjectively knows the inmate faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. Failure to perceive a significant risk and thus to eliminate it does not constitute the infliction of punishment. Id. at 838. Moreover, prison officials who respond reasonably to known risks may not be held liable under the Eighth Amendment, even if their response fails to prevent injury. Id. at 844-45. The same standard applies to pretrial detainees. Butler v. Fletcher, 465 F.3d 340, 345 (8th Cir. 2006).

Plaintiff's complaint should be dismissed because he has failed to state a claim under 42 U.S.C. § 1983. Plaintiff is warned that if this case is dismissed as recommended, it will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

Based on the foregoing, plaintiff's motions for subpoenas of medical records and for appointment of counsel are denied.

IT IS, THEREFORE, ORDERED that plaintiff's motions for subpoenas of medical records and for appointment of counsel are denied, without prejudice. [9, 12] It is further

RECOMMENDED that plaintiff's claims be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 15th day of September, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge